No. 26-226

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

---

**VEM MILLER,**
Plaintiff-Appellant,

v.

**CHAD BIANCO, in his individual and official capacity as Sheriff of Riverside County; COUNTY OF RIVERSIDE,**
Defendants-Appellees.

---

On Appeal from the United States District Court
for the Central District of California
Case No. 5:25-cv-00629-KK (DTB)
The Honorable Kenly Kiya Kato, United States District Judge

---

**APPELLANT'S MOTION FOR JUDICIAL NOTICE; DECLARATIONS OF ETHAN BEARMAN AND VEM MILLER; EXHIBITS A AND B**

---

**ETHAN BEARMAN, ESQ. (SBN 327490)**
**THE BEARMAN FIRM, INC.**
9460 Wilshire Blvd., Suite 830
Beverly Hills, CA 90212
(747) 232-7626
ethan@thebearmanfirm.com

*Attorney for Plaintiff-Appellant Vem Miller*

# APPELLANT'S MOTION FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Appellate Procedure 27 and Federal Rule of Evidence 201, Plaintiff-Appellant Vem Miller moves for judicial notice of two orders of the Superior Court of California, County of Riverside, in *People v. Miller*, No. INM2407181, the criminal case arising from the October 12, 2024 arrest at issue in this appeal:

1. The Minute Order entered July 31, 2026 (Hon. Charles E. Stafford, Department 2K), reflecting that Miller successfully completed misdemeanor diversion, that Counts 1 and 2 were ordered dismissed, and that the case was ordered sealed under California Penal Code § 851.91 (Exhibit A to the Declaration of Ethan Bearman); and
2. The Order to Seal Arrest and Related Records (Judicial Council form CR-410), signed and filed July 31, 2026, granting the petition and ordering the record of arrest sealed under Penal Code § 851.91 (Exhibit B to the Declaration of Ethan Bearman).

Both exhibits are certified copies bearing the certification of the Clerk of the Superior Court dated August 26, 2026. Bearman Decl. ¶¶ 3 to 5. Miller, the person whose arrest record was sealed, has authorized their disclosure and filing in this appeal. Miller Decl. ¶¶ 7 to 8.

Counsel for Appellees was informed of this motion by email on the morning of October 30, 2026. Appellees oppose it; their stated ground is that the orders "are not relevant to any issue before the court." Bearman Decl. ¶ 6. Relevance is addressed in Part II below.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE ORDERS ARE PROPER SUBJECTS OF JUDICIAL NOTICE

A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice "may be taken at any stage of the proceeding," Fed. R. Evid. 201(d), and the court "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2). The existence and content of orders entered by a court of record are the paradigm of facts that can be accurately and readily determined, and certified copies of those orders are sources whose accuracy cannot reasonably be questioned.

Miller does not ask the Court to notice the truth of any factual finding or to resolve any disputed fact. He asks it to notice three things the orders establish on their face: that the criminal charges arising from the arrest were dismissed on July 31, 2026; that the dismissal followed successful completion of diversion under Penal Code § 1001.95 rather than any plea or adjudication of guilt; and that the arrest record was ordered sealed under Penal Code § 851.91. Each is a matter of record, not of inference.

## II. THE ORDERS ARE RELEVANT TO TWO ISSUES BEFORE THE COURT

The orders bear on two questions presented in the briefs. First, Appellees' Answering Brief invokes *Preiser v. Rodriguez* for the proposition that a § 1983 action is not the proper vehicle "for a criminal defendant to contest the charges against him." AB 48. Whether there is any criminal judgment for a § 1983 action to impugn depends on the disposition of the criminal case. The orders show that there is none. See Reply Brief, Part VI.

Second, Appellees argue that the district court properly denied leave to amend because Miller has not identified facts he could plead. AB 47 to 48. The disposition of the criminal case is the first item in the proffer of what a Third Amended Complaint would allege. Reply Brief, Part VII.D. On review of a denial of leave to amend, the question is whether amendment could cure the deficiency, and the facts Miller could plead today necessarily include facts that arose after the January 5, 2026 judgment. The orders are offered solely for that purpose.

Appellees have already asked this Court to consider a post-judgment state court ruling: their brief reports that on June 18, 2026, the Riverside County Superior Court granted their special motion to strike four of Miller's state-law causes of action. AB 14 n.1. Appellees cannot offer the state court's post-judgment ruling on the claims they want this Court to see and object, on relevance grounds, to the state court's post-judgment ruling on the claims they do not. Miller does not object to the Court taking notice of the existence of the ruling Appellees cite, and the same treatment is appropriate here.

## III. THE SEALED STATUS OF THE RECORDS DOES NOT BAR THEIR USE BY MILLER

Penal Code § 851.91 provides that when a petition to seal is granted the arrest "is deemed not to have occurred" and the petitioner "is released from all penalties and disabilities resulting from the arrest." Cal. Penal Code § 851.91(e)(2)(B). Sealing protects the arrestee, and the statute says so in terms. Sealed court records "shall not be disclosed to any person or entity except the person whose arrest was sealed or a criminal justice agency," Cal. Penal Code § 851.92(b)(5); the court must provide a copy of the sealing order to "the person whose arrest was sealed," § 851.92(b)(1)(A); and the civil penalty for disseminating information about a sealed arrest applies to "a person or entity, other than a criminal justice agency or the person

whose arrest was sealed," § 851.92(c). Miller obtained the certified copies through his criminal defense counsel and has authorized, in a sworn declaration, their disclosure and filing in this appeal. Miller Decl. ¶¶ 6 to 8. Nothing in the sealing order is offended by the person it protects choosing to rely on it.

## IV. CONCLUSION

The Court should take judicial notice of Exhibits A and B to the Declaration of Ethan Bearman.

Dated: October 30, 2026

Respectfully submitted,

/s/ Ethan Bearman
**ETHAN BEARMAN, ESQ. (SBN 327490)**
THE BEARMAN FIRM, INC.
9460 Wilshire Blvd., Suite 830
Beverly Hills, CA 90212
(747) 232-7626
ethan@thebearmanfirm.com
*Attorney for Plaintiff-Appellant Vem Miller*

# DECLARATION OF ETHAN BEARMAN

I, Ethan Bearman, declare as follows:

1. I am an attorney licensed to practice in the State of California (SBN 327490) and admitted to practice before this Court. I am counsel of record for Plaintiff-Appellant Vem Miller in this appeal. I have personal knowledge of the facts stated in this declaration and could testify to them if called.

2. I did not represent Mr. Miller in *People v. Miller*, No. INM2407181, in the Superior Court of California, County of Riverside. His counsel in that matter was Angela Friedrichs, Esq.

3. Attached as **Exhibit A** is a true and correct copy of the Minute Order entered in *People v. Miller* on July 31, 2026, Department 2K, Hon. Charles E. Stafford, bearing the certification of the Clerk of the Superior Court, County of Riverside, dated August 26, 2026. I received a photograph of this certified copy from Ms. Friedrichs, with Mr. Miller's written authorization, on or about August 27, 2026, and the scan attached here on September 28, 2026.

4. Attached as **Exhibit B** is a true and correct copy of the Order to Seal Arrest and Related Records (Judicial Council form CR-410) signed by Judge Stafford and filed in *People v. Miller* on July 31, 2026, bearing the same certification dated August 26, 2026. I received this copy in the same manner.

5. Exhibits A and B are scans of the front and back of each certified copy, made by Ms. Friedrichs and transmitted to me on September 28, 2026. Each scan shows the Clerk's certification stamp dated August 26, 2026 on the reverse of the document. I have compared the scans to the photographs of the same certified copies that Ms. Friedrichs sent me on August 27, 2026, and they are the same documents. Neither exhibit has been altered.

6. At 10:30 a.m. on October 30, 2026, I emailed counsel for Appellees, Susannah Conn and Eugene P. Ramirez of Manning & Kass, Ellrod, Ramirez, Trester,

LLP, describing this motion and asking Appellees' position under Circuit Rule 27-1. At 1:24 p.m. the same day, Ms. Conn responded: "Defendants' position is that these materials are not relevant to any issue before the court, and on that basis we oppose plaintiff's request."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 30, 2026, at Beverly Hills, California.

/s/ Ethan Bearman
Ethan Bearman

# DECLARATION OF VEM MILLER

I, Vem Miller, declare as follows:

1. I am the Plaintiff-Appellant in this appeal. I have personal knowledge of the facts stated in this declaration and could testify to them if called.

2. I was arrested by deputies of the Riverside County Sheriff's Department on October 12, 2024, near Coachella, California. That arrest is the subject of this case.

3. On December 18, 2024, the Riverside County District Attorney filed a misdemeanor complaint against me in the Superior Court of California, County of Riverside, *People v. Miller*, No. INM2407181, charging one count under Penal Code § 25850(c)(7) (carrying a loaded firearm in public) and one count under Vehicle Code § 4000(a)(1) (no evidence of current registration). I pleaded not guilty to both counts on January 2, 2025.

4. Through my criminal defense attorney, Angela Friedrichs, I moved for judicial diversion under Penal Code § 1001.95. The District Attorney filed a written opposition. On January 29, 2026, the court granted diversion over that opposition and placed me on six months of diversion terms on each count. I did not plead guilty or no contest to either count, and I did not admit guilt as a condition of diversion.

5. I complied with every term of diversion. On July 31, 2026, at a hearing in Department 2K before Judge Charles E. Stafford, the court found that I had successfully completed diversion, ordered both counts dismissed, and ordered the case sealed under Penal Code § 851.91. Judge Stafford signed the Order to Seal Arrest and Related Records (form CR-410) in court that day.

6. Ms. Friedrichs obtained certified copies of the July 31, 2026 Minute Order and the Order to Seal from the Clerk of the Superior Court on or about

August 26, 2026. I authorized her in writing to provide those records to my attorney in this case, Ethan Bearman, and she did so. I have reviewed Exhibits A and B to the Declaration of Ethan Bearman. They are true and correct copies of the certified copies Ms. Friedrichs obtained.

7. The sealing order was entered for my protection. I understand that it allows me to treat the arrest as though it did not occur and restricts others from disclosing the sealed record. I am choosing to disclose these two orders in this appeal because they show that the criminal case ended in dismissal without any conviction, and I want this Court to know that.

8. I authorize my counsel to file Exhibits A and B with this Court and to rely on them in this appeal, and I consent to their disclosure to the Court and to counsel for Appellees for that purpose. I do not authorize their use for any other purpose, and I do not waive the protection of the sealing order as to anyone else or for any other proceeding.

9. No conviction was entered against me in *People v. Miller*, and no criminal judgment of any kind is outstanding against me arising from the October 12, 2024 arrest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 30, 2026, at Las Vegas, Nevada

______________________________

Vem Miller

# EXHIBIT A

Minute Order, People v. Miller, No. INM2407181
(Riverside County Superior Court, Dept. 2K, July 31, 2026)
Certified copy (certification dated August 26, 2026)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Larson Justice Center

Calendar Add-On: Diversion Dismissal/Diversion Documents (Show Proof of Completion)

07/31/2026
8:30 AM
Department 2K

**INM2407181**
**People vs VEM MILLER**

Honorable Charles E. Stafford, Judge
R. LeBlanc, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**
Deputy District Attorney William R. Adams present in court.
Private Counsel PVT ANGELA FRIEDRICHS present in court, representing the defendant.

Defense counsel appears for defendant pursuant to PC 977.
Proof of diversion completion documents shown to the court.
Court has read and considered all misdemeanor diversion completion terms.
Misdemeanor diversion successfully completed. Count(s) 001, 002 are ordered dismissed.
Case ordered sealed pursuant to PC 851.91.
Formal order signed in court.
-- Custody Status/Information --
Defendant released.

This must be in red to be a
"CERTIFIED COPY"

Each document to which this certificate is attached is certified to be a full, true and correct copy of the original on file and of record in my office.

Superior Court of California
County of Riverside

R. LeBlanc

By: ______________________
DEPUTY

Dated: AUG 26 2026

Certification must be in red to be a
"CERTIFIED COPY"

SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF RIVERSIDE

# EXHIBIT B

Order to Seal Arrest and Related Records (Judicial Council form CR-410)
People v. Miller, No. INM2407181 (Riverside County Superior Court, July 31, 2026)
Certified copy (certification dated August 26, 2026)

EV2

**CR-410**

# Order to Seal Arrest and Related Records (Pen. Code, §§ 851.91, 851.92)

*Clerk stamps date here when form is filed.*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 31 2026
R. LeBlanc

AUG 05 2026

(1) Name: MILLER (Last) VEM (First) (Middle)

Mailing address: 45841 OASIS ST Ste 2 (Street)
INDIO (City) CA (State) 92201 (Zip)

*Clerk fills in the name and street address of the court.*

**Superior Court of California, County of Riverside - Larson Justice Center**
**46-200 Oasis St.**
**Indio, CA 92201**

*Clerk fills in the number and name of the case.*

**Trial Court Case Number:** INM2407181

**Trial Court Case Name:**
*People of the State of California*
v. VEM MILLER

(2) The court finds that the petitioner is eligible for the following requested relief and makes the following order:

☒ The court **GRANTS** the petition. The record of arrest in the following matter shall be sealed under the provisions of section 851.91, and the arrest deemed not to have occurred:

Law enforcement agency report number: RSO-Indio

Prosecuting agency report number: C2428 60022

Court case number: INM 2407181

Other: ______

Petitioner may answer any question relating to the sealed arrest as though it did not happen, and petitioner is released from all penalties and disabilities resulting from the arrest, except as follows:

- The sealed arrest may be pleaded and proved in any later prosecution of the petitioner for any other offense, and will have the same effect as if it had not been sealed.
- The sealing of an arrest under section 851.91 does not relieve the petitioner of the obligation to disclose the arrest, if otherwise required by law, in response to any direct question contained in a questionnaire or application for public office, for employment as a peace officer, for licensure by any state or local agency, or for contracting with the California State Lottery Commission.
- The sealing of an arrest under this section does not affect petitioner's authorization to own, possess, or have in his or her custody or control any firearm, or his or her susceptibility to conviction under Chapter 2 (commencing with section 29800) of Division 9 of Title 4 of Part 6, if the arrest would otherwise affect this authorization or susceptibility.
- The sealing of an arrest under this section does not affect any prohibition from holding public office that would otherwise apply under law as a result of the arrest.

(3) ☐ The court **DENIES** the petition *(check one)*:

a. ☐ The petition does not meet the requirements listed in Penal Code section 851.91(b)(1).

b. ☐ Petitioner's arrest does not qualify under Penal Code section 851.91(a).

c. ☐ The court finds that sealing the arrest would not serve the interests of justice under Penal Code section 851.91(c)(2).

d. ☐ Other: ______

Date: 7-31-26

[signature]
*Signature of judicial officer*

**This is a Court Order.**

This must be in red to be a
"CERTIFIED COPY"

Each document to which this certificate is attached is certified to be a full, true and correct copy of the original on file and of record in my office.

Superior Court of California
County of Riverside R. LeBlanc

By [signature]
DEPUTY

Dated: AUG 26 2026

SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF RIVERSIDE

Certification must be in red to be a
"CERTIFIED COPY"

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the items exempted by Fed. R. App. P. 32(f), it contains 962 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface, Times New Roman 14 point.

/s/ Ethan Bearman
Ethan Bearman

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, I electronically filed the foregoing APPELLANT'S MOTION FOR JUDICIAL NOTICE, with the Declarations of Ethan Bearman and Vem Miller and Exhibits A and B, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Case Management System (ACMS). Participants in the case who are registered ACMS users will be served by ACMS.

/s/ Ethan Bearman
Ethan Bearman (SBN 327490)
Attorney for Plaintiff-Appellant Vem Miller